# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KENNETH BARBER and NICKCOL BARBER, | )<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION FILE NO.:<br>) |
| vs. | )<br>) |
| PURITY ZINC METALS, LLC; ABC CORPS. 1-2; and JOHN DOES 1-3, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | ) |

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs Kenneth Barber and Nickcol Barber file this Complaint for Damages and bring the following causes of action against Defendants Purity Zinc Metals, LLC; ABC Corps. 1-2; and John Does 1-3, showing this Honorable Court as follows:

### Parties, Jurisdiction, & Venue

1.

Plaintiffs are residents of the State of Georgia.

2.

Defendant Purity Zinc Metals, LLC (hereinafter "Purity Zinc"), is a limited liability company formed and domiciled in Tennessee, with its principal office located at 498 International Boulevard, Clarksville, Tennessee 37040. Defendant's registered agent for service of process is Mike D. Yinger, who is located at 3100

1

West End Avenue, Suite 1030, Nashville, Tennessee 37203. Defendant may be served at this address.

3.

Defendants ABC Corps. 1-2 are unidentified business entities that are potential, third-party, joint tortfeasors. Defendants ABC Corps. 1-2 are business entities that played some role in the manufacturing, packaging, and/or delivery of Defendant Purity Zinc's product. If and when Defendants ABC Corps. 1-2 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

4.

Defendant John Does 1-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendant John Does 1-3 played some role in the manufacturing, packaging, and/or delivery of Defendant Purity Zinc's product. If and when Defendant John Does 1-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5.

Pursuant to O.C.G.A. § 9-10-91 and R. Civ. Pro. 4(k), Defendant Purity Zinc is subject to the personal jurisdiction of this Court because it transacts business within Georgia.

6.

Pursuant to 28 U.S.C. § 1332, this Court possesses subject matter jurisdiction over this action because it is a civil action where the matter in controversy exceeds $75,000 and is between citizens of different states.

7.

Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District Court of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in DeKalb County, Georgia, which sits in the Northern District.

Background Facts

8.

Defendant Purity Zinc is a custom fabricator of zinc dust, zinc anodes, zinc alloys, and other zinc products.

9.

Defendant sells its products to ITW Pro Brands, which is an Illinois Tool Works Company.

10.

ITW Pro Brands owns, manages, and/or operates a plant located at 4647 Hugh Howell Road, Tucker, Georgia 30084.

11.

At all material times, Plaintiff Kenneth Barber was employed and was working within the course and scope of his duty at the ITW Pro Brands plant in Tucker, Georgia.

12.

Defendant Purity Zinc shipped and delivered its product to the ITW Pro Brands plant in kegs weighing approximately 500 lbs.

13.

The kegs would ship and be delivered on pallets that were not strong enough to hold the weight of the kegs.

14.

On December 18, 2019, Plaintiff Kenneth Barber was moving one of these kegs when the pallet on which the keg sat broke.

15.

Mr. Barber attempted to catch the keg and save it from falling.

16.

In doing so, he was injured.

17.

Defendant Purity Zinc knew or should have known that the pallets it shipped and delivered its kegs on were insufficient to hold the weight of the kegs.

18.

At all material times, Plaintiff Kenneth Barber exercised reasonable care for his own safety.

19.

Defendant Purity Zinc negligently caused Plaintiffs' injuries.

20.

As the direct and proximate result of Defendant's negligence, Plaintiffs suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiffs' economic and non-economic damages are continuing in nature and they will continue to incur general and special damages in the future.

21.

As the direct and proximate result of Defendant's negligence, Plaintiffs suffered, continue to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiffs will continue to incur such losses in the future.

## Count I – Negligence

22.

Plaintiffs repeat and reallege paragraphs 1 through 21 above, verbatim.

23.

At all material times, Defendant controlled the mode, manner, and means by which it packaged, shipped, and delivered its products. Under Defendants' mode, manner, and means of packaging, shipping, and delivering its products, injuries to recipients were reasonably foreseeable.

24.

Defendant's chosen mode and manner of packaging, shipping, and delivering its products required that Defendant implement safety procedures to mitigate or eliminate foreseeable risks of injury.

25.

Defendant owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendant's mode, manner, and means of packaging, shipping, and delivering its products.

26.

Defendant had a duty to develop, implement, maintain, comply with, and enforce appropriate safety measures, including adequate packaging procedures, to protect customers from the foreseeable risks of harm.

27.

Defendant Purity Zinc breached its duty to Plaintiff Kenneth Barber by negligently failing to exercise reasonable care to protect him from foreseeable risks

of harm.

28.

Defendant Purity Zinc negligently failed to exercise reasonable care to protect Plaintiff Kenneth Barber from foreseeable risks of harm in one or more of the following ways:

(i) Defendant failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries;

(ii) Defendant's safety measures were inadequate to protect customers from the foreseeable risk of injuries;

(iii) Defendant failed to use safe materials for packaging, shipping, and delivering its products;

(iv) Defendant's employees negligently failed to comply with, carry out, and enforce Defendant's safety protocols and measures;

(v) Defendant negligently failed to adequately train its employees, contractors, agents, and/or representatives;

(vi) Defendant failed to adequately supervise its employees, contractors, agents, and/or representatives;

(vii) Defendant failed to hire sufficiently adequate packing, shipping, and delivery assistance; and/or

(viii) Defendant failed to warn Mr. Barber of the inherent and foreseeable

risks and injuries arising from Defendant's chosen mode, manner, and means of packaging, shipping, and delivering its products.

29.

Defendant's failure to exercise reasonable care in its operations and procedures caused a keg to be packaged, shipped, and/or delivered on a pallet that was faulty and/or inadequate, which caused Plaintiff Kenneth Barber to be injured.

30.

Defendant's negligence directly and proximately caused Plaintiffs' injuries.

31.

Defendant Purity Zinc is vicariously liable for the negligent acts and omissions of its employees, contractors, agents, and representatives, committed during the course and scope of their employment and in furtherance of Defendant's business. Defendant's employees, contractors, agents, and representatives include, but are not limited to, John Does 1-2.

COUNT II – IMPUTED NEGLIGENCE

32.

Plaintiffs repeat and reallege paragraphs 1 through 21 above, verbatim.

33.

Defendant Purity Zinc hired Defendants ABC Corps. 1-2 to package, ship, and/or deliver its products to the ITW Pro Brands plant.

34.

John Doe 3, an employee of ABC Corps. 1-2, made the subject delivery to the ITW Pro Brands plant on behalf of Defendant Purity Zinc.

35.

Defendants ABC Corps. 1-2 and John Doe 3 owed a duty to Mr. Barber and the general public to package, ship, and/or deliver Defendant Purity Zinc's products in a reasonably safe manner and in accordance with Defendant Purity Zinc's policies, procedures, and protocols.

36.

To the extent that any act or omission on the part of Defendants ABC Corps. 1-2 and John Doe 3 contributed or caused Plaintiffs' injuries, said negligence can be imputed to Defendant Purity Zinc under O.C.G.A. § 51-2-5 because Defendant Purity Zinc hired and/or employed Defendants ABC Corps. 1-2 and John Doe 3.

37.

Because Defendant Purity Zinc ratified the work of Defendants ABC Corps. 1-2 and John Doe 3, any and all negligence of Defendants ABC Corps. 1-2 and John Doe 3 can be imputed to Defendants under O.C.G.A. § 51-2-5.

## COUNT III – LOSS OF CONSORTIUM

38.

Plaintiffs repeat and reallege paragraphs 1 through 21 above, verbatim.

39.

Plaintiff Nickcol Barber is and, on the date of incident, was Plaintiff Kenneth Barber's lawful spouse.

40.

As a result of the physical, emotional, and mental injuries that Plaintiff Kenneth Barber suffered as a result of the subject incident that forms the basis of this action, Plaintiff Nickcol Barber also suffered loss of "society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort, such being special rights and duties growing out of the marriage covenants." Smith v. Tri-State Culvert Mfg. Co., 126 Ga. App. 508, 510 (1972).

41.

The monetary damages Plaintiff Nickcol Barber sustained as a result of Plaintiff Kenneth Barber's injuries are to be determined by the enlightened conscience of the jury.

WHEREFORE, Plaintiffs demand judgment against Defendant and further, Plaintiffs pray:

a. That process issue requiring Defendant to appear and answer Plaintiffs' allegations;

b.  That Defendant be served with a copy of Plaintiffs' Complaint for Damages;

c.  That Plaintiffs be granted a **trial by jury** of twelve persons for all issues so triable;

d.  That Plaintiffs recover all damages allowable and recoverable under applicable law in an amount to be determined by a jury;

e.  That Plaintiffs recover general and special damages; and

f.  That this Honorable Court order such other and further relief as the Court deems just and proper.

This 30th day of November, 2021.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*